Arturo E. Matthews, Jr., Esq.
Email:  aem@matthewsfirm.net
California Bar No. 145232
6 Hutton Centre Drive, Suite 600
Santa Ana, CA  92707
Telephone:  714-647-7110
Facsimile: 714-647-5558

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shawna Bagwell, | Case No. 8:16-cv-02053 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| Orions Management Group, LLC, | |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Shawna Bagwell ("Shawna"), is a natural person who resided in Beaumont, California, at all times relevant to this action.

2. Defendant, Orions Management Group, LLC ("OMG"), is a California limited liability company that maintained its principal place of business in Anaheim, California, at all times relevant to this action.

Complaint - 1

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relative to this action, OMG collected consumer debts.

6. OMG regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of OMG's revenue is debt collection.

8. OMG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, OMG contacted Shawna to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Shawna is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Within the past twelve months, OMG began calling Shawna in connection with the collection of a debt.

13. Shortly after the calls began, OMG telephoned Shawna's mother and left a message to have Shawna call OMG back.

14. OMG did not state that it was a debt collector attempting to collect a debt.

15. OMG did not state that it was calling to confirm or to correct Shawna's location information.

16. Subsequently, OMG telephoned Shawna's place of employment and spoke with Shawna's boss.

17. During this communication, OMG left a message with Shawna's boss for Shawna to call OMG back.

18. OMG did not state that it was a debt collector attempting to collect a debt.

19. OMG did not state that it was calling to confirm or to correct Shawna's location information.

20. Thereafter, Shawna telephoned OMG regarding the debt.

21. During this communication, OMG threatened to file a lawsuit against Shawna if she didn't pay the debt immediately.

22. The collector acting on behalf of OMG was not an attorney.

23. Additionally, OMG told Shawna the amount of the debt would increase significantly if OMG filed a lawsuit.

24. The amount of the debt would not have increased significantly simply by OMG filing a lawsuit.

25. On at least one occasion, OMG left a voice message for Shawna.

26. This voice message did not state OMG was a debt collector attempting to collect a debt.

27. This voice message indicated that OMG's collector had been told to move forward with this, implying that a lawsuit was imminent.

28. In fact, the voice message indicated OMG would move forward if Shawna did not contact Shawna that same day.

29. The collector that left the voice message was not an attorney.

30. As a result of OMG's threats, Shawna was enticed to make a partial payment in order to get the calls to her mother and her boss to stop.

31. Despite not paying off the account, OMG has not filed a lawsuit against Shawna as OMG threatened.

32. OMG's collection efforts, including but not limited to its telephone calls, threats, improper communication with third parties caused Shawna emotional distress in the form of frustration, annoyance, aggravation, embarrassment, and anxiety.

33. OMG's collection efforts also intruded upon Shawna's privacy

### COUNT ONE

### Violation of the Fair Debt Collection Practices Act

34. Shawna re-alleges and incorporates by reference Paragraphs 5 through 33 above as if fully set forth herein.

Complaint - 4

35. OMG violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Shawna's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

36. Shawna re-alleges and incorporates by reference Paragraphs 5 through 33 above as if fully set forth herein.

37. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

38. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

39. The likely effect of OMG debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Shawna.

40. OMG violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Shawna in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

41. Shawna re-alleges and incorporates by reference Paragraphs 5 through 33 above as if fully set forth herein.

42. OMG violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

43. Shawna re-alleges and incorporates by reference Paragraphs 5 through 33 above as if fully set forth herein.

44. OMG violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

45. Shawna demands a trial by jury.

## PRAYER FOR RELIEF

46. Shawna prays for the following relief:

    a. Judgment against OMG for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: November 14, 2016    By:  /s/ Arturo E. Matthews, Jr.
    One of Plaintiff's Attorneys

*Of Counsel*
Arturo E. Matthews, Jr., Esq.
California Bar No. 145232
6 Hutton Centre Drive, Suite 600
Santa Ana, CA  92707
Telephone:  714-647-7110
Facsimile: 714-647-5558
Email:  aem@matthewsfirm.net

Complaint - 7